# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

SHAWN ANTHONY SKAGGS, JR.                                              PLAINTIFF
ADC #163721

v.                                    2:20-cv-00023-JM-JJV

DEXTER L. PAYNE, Deputy Director,                                     DEFENDANTS
Arkansas Division of Correction; *et al.*

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Shawn Anthony Skaggs, Jr. ("Plaintiff"), currently incarcerated in the East Arkansas Regional Unit of the Arkansas Department of Corrections, sued multiple ADC officials. (Doc. No. 2 at 1-2.) On March 2, 2020, I advised Plaintiff of deficiencies in his Complaint and gave him the opportunity to file an Amended Complaint. (Doc. No. 5.) Plaintiff filed his Amended Complaint on April 1, 2020. (Doc. No. 6.)

In his Amended Complaint, Plaintiff made claims against ADC Deputy Director Dexter L. Payne, Director Wendy Kelley, Delta Regional Unit D.A. Golden; Lieutenant L. T. Wright; Sergeant Brown; and Correctional Officers Perkins, Lemons, and Perry; he sued all Defendants in their personal and official capacities. (Doc. No. 6 at 1-2.) .) Plaintiff's claims arise from the time when he was incarcerated in the Delta Regional Unit. He alleges that on June 12, 2019, he was in isolation, had a spasm in his back, and "layed [sic] in the cell floor for [approximately] 11/2 hours" before he was discovered and taken to an emergency room. (*Id*. at 1.) He maintains there was no staff present or security rounds from 9:30 p.m. on June 11, 2019 to 2:30 a.m. on June 12,

2019.  (*Id.*)  A nurse found him on the floor of his cell and "was able to get [him] treatment at the local ER."  (*Id.*)

Plaintiff maintains that at the time, Defendant Wright was shift leader; Defendant Brown was the area shift leader-problem solver; and Defendants Perkins, Lemons, and Perry were security staff.  (*Id.*)  He further maintains Defendants Kelley, Payne, and Golden were responsible for the Delta Regional Unit.  (*Id.*)

Plaintiff asserts Defendants Payne, Golden, Wright, Lemons, and Brown violated his Eighth Amendment rights "by acting under the color of state and not properly doing their jobs according to (AR 225 standard employee conduct) . . . ."  (Doc. No. 6 at 2.)  He explains that "to [his] understanding staff must conduct a round 30-45 min. apart."  (*Id.*)  Plaintiff contends Defendant Lemons knew that Pods A-B were "two men isolations" and that a risk to safety was plausible.  (*Id.*)  Plaintiff asserts that if Lemons had performed his job as required by AR 225, Plaintiff would not have spent 1.5 hours "praying for help from staff."  (*Id.*)  According to Plaintiff, Defendants Brown and Wright failed to properly supervise staff.  (*Id.*)  Defendant Golden allegedly "violated Plaintiff's rights by knowing of this incident, failing to administer relief to [Plaintiff] [by] investigating properly."  (*Id.*)  Defendant Payne allegedly failed to take corrective action by reprimanding all parties responsible.  (Doc. No. 6 at 2.)  Plaintiff seeks damages and time off his current sentence, among other relief.  (*Id.*)

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighed in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

As explained in more detail below, Plaintiff's allegations fail to state a § 1983 claim on which relief may be granted and, as such, should be dismissed without prejudice.

### A. Official Capacity Claims

Each Defendant is an official with the Arkansas Department of Corrections. Plaintiff's § 1983 damages claims against Defendants in their official capacities are the equivalent of claims against the State of Arkansas and are barred by Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, those claims fail.

### B. Deliberate Indifference to Serious Medical Needs

Plaintiff alleges he had a spasm in his back and waited 1.5 hours on the floor of his cell before being found and taken to the emergency room. "Deliberate indifference may be

4

demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018); *McRaven v. Sanders*, 577 F.3d 974, 981 (8th 2009). In my March 2 Order, I advised Plaintiff of the shortcomings in his deliberate indifference to medical needs claim (Doc. No. 5); nonetheless, in his Amended Complaint Plaintiff does not allege any Defendant knew of and disregarded his medical needs. Accordingly, his deliberate indifference to medical needs claims fail.

### C. Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 1.   **Defendant Kelly**

Plaintiff alleges Defendant Kelly was responsible for the Delta Regional Unit, but he does not specify any individual involvement by her. Accordingly, Plaintiff's claims against Defendant Kelley fail and should be dismissed.

### 2.   **Defendants Perkins and Perry**

Plaintiff identifies Defendants Perkins and Perry as security staff, but he makes no further allegations against them. Accordingly, Plaintiff's claims against Defendants Perkins and Perry fail and should be dismissed.

### D.   **Failure to Supervise**

While a municipality cannot be held liable under the theory of *respondeat superior*, a municipality may be found liable under § 1983 for failure to train or supervise. *Parish v. Ball*, 594 F.3d 993, 997, 1002 (8th Cir. 2010). "The standard of liability for failure to supervise is 'demonstrated deliberate indifference or tacit authorization of the offensive acts.'" *Brockington v. City of Sherwood*, 503 F.3d 667, 673 (8th Cir. 2007) (citing *Wilson v. City of N. Little Rock,* 801 F.2d 316, 322 (8th Cir.1986)).

Plaintiff alleges Defendants Brown and Wright violated his rights through failure to supervise. To set out a claim for failure to supervise, Plaintiff would have had to plead that Brown and Wright were on notice of unconstitutional acts, were deliberately indifferent to or tacitly authorized those acts, failed to take remedial action, and the failure caused Plaintiff's alleged injury. *Parish*, 594 F.3d at 1002 (internal citation omitted). In his Amended Complaint, Plaintiff makes only conclusory allegations; nothing in his pleadings indicate Brown or Wright knew of and were indifferent to any violation. Accordingly, he has failed to state a failure to supervise claim against Defendants Brown and Wright.

6

### E.     Conditions of Confinement Claims

Plaintiff asserts Defendant Coleman knew "Pods A-B were two men isolations" and that a risk to Plaintiff's safety while confined there was plausible. (Doc. No. at 2.) He maintains Defendant Coleman ignored that risk by not making rounds. (*Id*.)

The standard for a conditions of confinement claim "is whether the defendants acted with deliberate indifference." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). "A prison official is deliberately indifferent if he 'knows of and disregards' a substantial risk of harm to an inmate." *Id*. (*citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). I advised Plaintiff of this standard when I pointed out deficiencies in his Complaint. (Doc. No. 5.)

Plaintiff's amended conditions claim rests on his allegation that a risk to his safety was "plausible." (Doc. No. 6.) This allegation, however, is insufficient to establish deliberate indifference. Plaintiff's allegation that a risk to his safety was plausible is akin to a general fear for his safety. In *Robinson v. Cavanaugh*, the Court of Appeals for the Eighth Circuit affirmed summary judgment in defendants' favor on a failure to protect claim where plaintiff was not placed in protective custody based on a general fear for his safety. 20 F.3d 892, 895 (8th Cir. 1994) (per curiam). Further, Plaintiff has not pled facts indicating Defendant Coleman had been exposed to any type of information that would make a threat to Plaintiff's safety obvious. *See Patterson v. Kelley*, 902 F.3d 845, 852-53 (8th Cir. 2018). Moreover, Plaintiff's claims are more directly claims in connection with his medical needs, and as already mentioned above, Plaintiff has not alleged any Defendant knew of and ignored those needs. Accordingly, Plaintiff's claims against Defendant Coleman should be dismissed.

### F. Defendants Golden and Payne

Plaintiff alleges Defendant Golden failed to investigate and Defendant Payne failed to take corrective action. (Doc. No. 6.) Both claims assume a violation of rights and deliberate indifference to the violation. *See, for example, Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Mick v. Raines*, 883 F.3d 1075, 1080 (8th Cir. 2018). Because Plaintiff has not alleged a viable claim that his rights were violated, his failure to investigate and corrective inaction claims will also fail.

### G. Failure to Follow Policy

Plaintiff asserts multiple Defendants failed to perform their jobs pursuant to policy. A violation of prison policy alone, though, does not give rise to a constitutional claim. *See Moore v. Rowley*, 126 Fed. Appx. 759, 760 (8th Cir. 2005).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims be dismissed without prejudice.

2. Plaintiff's Complaint, as amended (Doc. No. 6), be dismissed without prejudice

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 2nd day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE